**CUSTODIO & DUBEY, LLP**
Robert Abiri (SBN 238681)
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899
E-mail: abiri@cd-lawyers.com

**TREEHOUSE LAW, LLP**
Joshua Nassir (SBN 318344)
Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
jnassir@treehouselaw.com
bheikali@treehouselaw.com
rglezakos@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAQUISHA SCOTT, on behalf of herself and all others similarly situated, | CASE NO.: 5:22-cv-05232 |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| SARAYA USA, Inc., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Laquisha Scott ("Plaintiff"), on behalf of herself and all others similarly situated, brings this class action against Defendant Saraya USA, Inc. ("Defendant" or "Saraya") based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

## INTRODUCTION

1.      This class action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of several of its products, which are marketed as monk fruit sweetened items.

2.      Monk fruit, also known as Luo Han Guo, is a premium fruit which consumers value given its nutritional values, lack of impact on blood sugar, antioxidant levels, and more.

3.      Specifically, Defendant has marketed the Products (fully defined in Paragraph 13, below) as "Sweetened with Monk Fruit" or "Monk Fruit Sweetened" (together, the "Monk Fruit Representations"), representing to consumers that its Products are entirely, or at the very least predominantly, sweetened with monk fruit.

4.      Despite the Monk Fruit Representations, and unbeknownst to consumers, the Products are predominantly sweetened with **_erythritol_**. Erythritol is a highly processed sugar alcohol which is a less premium sweetener than monk fruit. Erythritol is also known to cause a host of problems for consumers, including being disruptive to gut health.

5.      Plaintiff and other consumers purchased the Products and paid a premium price based upon their reliance on the Monk Fruit Representations. Had Plaintiff and other consumers been aware that the Monk Fruit Representations were false, they would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendant's home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

7.      This Court has personal jurisdiction over Defendant because it conducts and transacts substantial business in California, and intentionally and purposefully placed the Products into the stream of commerce within California.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Namely, Plaintiff purchased one of the Products in this District.

## **PLAINTIFF**

9.      Plaintiff is a citizen of the United States and the State of California, and she currently resides in San Jose, California. In or around August 2022, Plaintiff purchased the Lakanto No Sugar Added Keto Granola Cinnamon Almond Crunch Product from a Grocery Outlet store in San Jose, California. Based on the Product's Monk Fruit Representations, Plaintiff reasonably believed that the Product was solely, or at the very least predominantly, sweetened with monk fruit. Had she known that the Product was not solely, or at the very least predominantly, sweetened with monk fruit, she would not have purchased it, or would have paid significantly less for it.

10.      Despite Defendant's misrepresentations, Plaintiff would purchase the Products, as advertised, if they were actually solely, or at the very least predominantly, sweetened with monk fruit. Although Plaintiff regularly shops at various retail stores that carry the Products, absent an injunction of Defendant's deceptive advertising, she will be unable to rely with confidence on Defendant's advertising of the Products in the future. Furthermore, while Plaintiff currently believes that the Products are not sweetened solely or predominantly with monk fruit, she lacks personal knowledge as to Defendant's specific business practices, and thus, she will not be able determine whether the Products truly will accurately reflect their advertising. This leaves doubt in her mind as to the possibility that at some point in the future the Products could be made in accordance with the Monk Fruit Representations. This uncertainty, coupled with her desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading representations. In addition, other Class

-2-

CLASS ACTION COMPLAINT

1  members will continue to purchase the Products, reasonably but incorrectly, believing that the

2  Products are sweetened solely or predominantly with monk fruit.

3  **DEFENDANT**

4  11.  Defendant Saraya USA, Inc. is a Utah corporation with its principal place of

5  business in Orem, Utah. Defendant operates "Lakanto", the nation's leading brand of products

6  marketed as being sweetened with monk fruit, including the Products challenged in this

7  Complaint. Defendant sells the Products throughout California, including in this District.

8  **FACTUAL ALLEGATIONS**

9  12.  Defendant is responsible for the formulation, manufacturing, marketing, labeling,

10  advertising, and sale of "Lakanto" branded products, which are sold in retail stores across the

11  United States as well as directly on Defendant's website.

12  13.  The full list of the Products at issue in this case are as follows: (1) Sugar-Free

13  Maple Syrup; (2) Sugar-Free Suntella Chocolate Sunflower Spread; (3) Sugar-Free Drinking

14  Chocolate; (4) Sugar-Free Brownie Mix; (5) Sugar-Free Pancake & Baking Mix; (6) Sugar-Free

15  Blueberry Muffin Mix; (7) Keto Granola; (8) Sugar-Free Pumpkin Spice Muffin & Bread Mix; (9)

16  Sugar-Free Cookie Mix; (10) Sugar-Free Chocolate Syrup; (11) Sugar-Free Chocolate Chips; (12)

17  Sugar-Free Simple Flavoring Syrup; (13) Sugar-Free Chocolate Bark; (14) Sugar-Free Chocolate

18  Bars; (15) Sugar-Free Matcha Latte Drink Mix; (16) Chocolate Covered Almonds; (17) Peanut

19  Butter Powder; (18) Dark Chocolate Peanut Butter Cups; (19) Sugar-Free Lemon Poppy Seed

20  Muffin Mix; (20) Sugar-Free Chocolate Truffles; (21) Sugar-Free Banana Nut Muffin and Bread

21  Mix; (22) Sugar-Free Chocolate Chip Cookie Mix; (23) Sugar-Free Dark Chocolate Sunflower

22  Butter Cups; (24) Keto Candied Nuts; (25) Sugar-Free Double Chocolate Muffin Mix; (26) Sugar-

23  Free Double Chocolate Cookie Mix; (27) Keto Mini Crunchy Cookies; (28) Sugar-Free Cake Mix;

24  (29) Sugar-Free Chocolate Peppermint Cookie Mix; (30) Almond Butter Vanilla Flavored Spread;

25  (31) Chocolate Covered Peanuts; (32) All Purpose Bread Mix; (33) Peanut Butter Spread; (34)

26  Cookie Butter Sunflower Spread; (35) Simple Syrup Caramel; and (36) Chocolate Covered

27  Almonds (collectively, the "Products").

28

14.     Specifically, for each of the Products, Defendant has labeled them as "Sweetened with Monk Fruit" or "Monk Fruit Sweetened" (together, the "Monk Fruit Representations"), representing to consumers that its Products are entirely, or at the very least predominantly, sweetened with monk fruit. Representative examples are depicted below:



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

15.     However, despite the Monk Fruit Representations, and unbeknownst to consumers, the Products are **not** solely, or even predominantly, sweetened with monk fruit. Instead, the Products are predominantly sweetened with erythritol.

16.     Erythritol is a sugar alcohol which is generally crafted from GMO cornstarch.[1] Ingestion of erythritol, like other sugar alcohols, can lead to multiple side effects, including digestive problems, diarrhea, bloating, cramps, gas, nausea, and headaches.[2]

17.     Conversely, monk fruit sweetener is not a sugar alcohol, but is made from an extract of the Luo Han Guo fruit.[3] Monk fruit is known to be high in antioxidants[4] and is less processed than erythritol. As such, Monk Fruit is considered to be a more premium sweetener than erythritol. Indeed, dieticians recognize the fact that erythritol is more disruptive to the consumer's gut.[5]

18.     Further, pure monk fruit is much more expensive than pure erythritol, thus providing Defendant with a financial motive in labeling the Products in a deceptive manner.

19.     The reasonable belief that the Products are solely sweetened, or at the very least predominantly sweetened, with monk fruit was a significant factor in Plaintiff and other class members' decisions to purchase the Products. Monk fruit is considered to be one of the most premium sweeteners available on the market, and consumers value monk fruit over the less nutritious and cheaper erythritol found in the Products. Thus, Defendant promises premium products, but provides consumers with cheaper, less premium alternatives.

---

[1] Meritage Medical Network, *What Is Erythritol? Erythritol Side Effects And Danger*, https://meritagemed.com/erythritol/#:~:text=Erythritol%20side%20effects%20typically%20include,headaches%20may%20occur%20as%20well (last visited September 7, 2022).

[2] *Id.*

[3] Cleveland Clinic, Is Monk Fruit A Healthy Sweetener? https://health.clevelandclinic.org/why-you-should-use-monk-fruit-sweetener/#:~:text=Monk%20fruit%20is%20a%20small,its%20mogroside%20from%20the%20juice (last visited September 7, 2022).

[4] *Id.*

[5] Tamara Duker Freuman, MS, RD, CDN, The Best and Worst Sweeteners for Your Gut, https://health.usnews.com/health-news/blogs/eat-run/articles/2018-04-17/the-best-and-worst-sweeteners-for-your-gut (last visited September 7, 2022).

20.     As the entity responsible for the development, labeling, manufacturing, advertising, distribution and sale of the Products, Defendant knew or should have known that the Products' Monk Fruit Representations are false and misleading.

21.     Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendant's false and misleading representations. Nonetheless, Defendant deceptively advertises the Products in order to deceive consumers and gain an unfair advantage in the market.

22.     Consumers are willing to pay more for the Products based on the belief that the Products are solely, or at the very least predominantly, sweetened with monk fruit. Plaintiff and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known that the truth about them. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and the Class would not have paid had they been fully informed.

23.     Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**California Class**

All residents of California who purchased the Products within the applicable statute of limitation ("California Class").

**California Consumer Subclass**

All residents of California who purchased the Products for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass") (together with the California Class, the "Classes").

25.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any

entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

26. Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

27. Plaintiff is a member of all the Classes.

28. **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records through its online marketplace, or through sales data obtained via third parties. At a minimum, there likely are tens of thousands of Class members.

29. **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

      a. whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

      b. whether reasonable consumers would rely upon Defendant's representations about the Products and reasonably believe the Products are solely sweetened, or at very least primarily, with monk fruit;

      c. whether Defendant knew or should have known its representations were false or misleading;

      d. whether Defendant was unjustly enriched by retaining monies from the sale of the Products;

      e. whether certification of each Class is appropriate under Rule 23;

      f. whether Plaintiff and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

g. the amount and nature of the relief to be awarded to the Plaintiff and the Class, including whether Plaintiff and the Class are entitled to punitive damages.

30. **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products. Plaintiff and the members of the Classes relied on the representations made by the Defendant about the Products prior to purchasing the Products. Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

31. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

32. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

33. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

34. **Declaratory and Injunctive Relief:** Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds

generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless a class-wide injunction is issued, Defendant will continue to advertise, market, promote, and sell the Products in an unlawful and misleading manner, as described throughout this Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights under the law.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq*.**
**(*For the California Consumer Subclass*)**

35.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

36.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

37.     The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

38.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By representing the Products with the Monk Fruit Representations, Defendant has represented and continues to represent that the Products have characteristics (i.e., that they are solely, or at the very least primarily, sweetened with monk fruit) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

39.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By representing the Products with the Monk Fruit Representations, Defendant has represented and continues to represent that the Products are of a particular standard (i.e., that they

are solely, or at the very least primarily, sweetened with monk fruit) when they are not of that standard. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

40.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By advertising the Products with the Monk Fruit Representations, Defendant has advertised the Products with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

41.     At all relevant times, Defendant has known or reasonably should have known that the advertising of the Products' Monk Fruit Representations is false and misleading, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the Monk Fruit Representations when purchasing the Products. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers into believing that the Products are solely, or at the very least primarily, sweetened with monk fruit when they are not.

42.     Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representations when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

43.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Products, or would not have purchased them at all, had they known that the Products are not solely, or at the very least primarily, sweetened with monk fruit.

44.     Under Cal. Civ. Code § 1782, on April 20, 2022, counsel for Plaintiff mailed a notice and demand letter by certified mail to Defendant, outlining that Defendant has violated the CLRA for the reasons described herein. The letter was delivered on April 29, 2022. Defendant has not responded to the letter, and as of yet, has not taken any action to rectify this misconduct. Because Defendant has failed to fully rectify the issues within 30 days after receipt of the notice and demand letter, Plaintiff timely filed this Class Action Complaint for a claim for damages under the CLRA.

45.     In accordance with Cal. Civ. Code § 1780(d), Plaintiff is filing a declaration of venue, attached hereto as Exhibit A to this Complaint.

**SECOND CLAIM FOR RELIEF**
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500, *et seq***
**(*For the California Class*)**

46.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

47.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

48.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

49.     Defendant has represented and continues to represent to the public, including Plaintiff and members of the proposed California Class, through its deceptive advertising, that the Products are solely, or at the very least predominantly, sweetened with monk fruit when they are not. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

50.     As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the California Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to them and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class

-12-

1    may be irreparably harmed and/or denied an effective and complete remedy.

2                                **THIRD CLAIM FOR RELIEF**
                         **Violation of California's Unfair Competition Law ("UCL"),**
3                        **California Business & Professions Code § 17200,** *et seq.*
                                    (***For the California Class***)
4

5        51.    Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set

6    forth herein.

7        52.    Plaintiff brings this claim individually and on behalf of the members of the

8    proposed California Class against Defendant pursuant to California Business & Professions Code

9    § 17200 ("UCL").

10       53.    The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair

11   competition shall mean and include unlawful, unfair or fraudulent business practices and unfair,

12   deceptive, untrue or misleading advertising . . . ."

13       54.    Under the UCL, a business act or practice is "unlawful" if it violates any

14   established state or federal law. Defendant's false and misleading advertising of the Products was

15   and continues to be "unlawful" because it violates the CLRA, the FAL, and other applicable laws

16   as described herein. As a result of Defendant's unlawful business acts and practices, Defendant

17   has unlawfully obtained money from Plaintiff and members of the proposed California Class.

18       55.    Under the UCL, a business act or practice is "unfair" if its conduct is substantially

19   injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and

20   unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity

21   of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to

22   purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who

23   rely on the Products' advertising. Deceiving consumers into believing they will receive Products

24   solely or predominantly sweetened with monk fruit, but failing to provide the Products as

25   advertised, is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be

26   "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and

27   continues to unfairly obtain money from Plaintiff and members of the proposed California Class.

28

56.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because, due to the Products' Monk Fruit Representations, the Products have the effect of deceiving consumers into believing they will receive products solely or predominantly sweetened with monk fruit when the Products are not manufactured as such. Because Defendant misled Plaintiff and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Class.

57.     Plaintiff requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to them, and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
(***For the California Class***)

58.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

59.     Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant for breach of express warranty under Cal. Com. Code § 2313.

60.     California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

-14-

61.     Plaintiff and members of the Class formed a contract with Defendant at the time they purchased the Products. As part of those contracts, Defendant represented that the Products are "Sweetened with Monk Fruit" or "Monk Fruit Sweetened", representing that the Products are sweetened solely, or at the very least predominantly, with monk fruit.

62.     The Products' Monk Fruit Representations are: (a) an affirmation of fact or promise made by Defendant to consumers that the Products are sweetened in a specific manner; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmations of fact or promises. In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

63.     Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties.

64.     Defendant has breached the express warranties made to Plaintiff and members of the California Class by failing to provide the Products in accordance with the Monk Fruit Representations.

65.     Plaintiff and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the California Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated with them. As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

### FIFTH CLAIM FOR RELIEF
**Breach of Implied Warranty**
**Cal. Com. Code § 2313**
***(For the California Class)***

66.     Plaintiff repeat the allegations contained in paragraphs 1-34 above as if fully set forth herein.

67.     Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant for breach of implied warranty under Cal. Com. Code §2314.

68.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

69.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

70.     Defendant is a merchant with respect to the sale of Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

71.     By advertising the Products with the Monk Fruit Representations, Defendant made an implied promise in the Products' labeling that the Products are solely, or at the very least predominantly, sweetened with monk fruit.  The Products, however, have not conformed to these promises because the Products are predominantly sweetened with erythritol. Plaintiff, as well as other California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

72.     If Plaintiff and members of the California Class had known that the Products' Monk Fruit Representations were false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

## SIXTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (*for the Classes*)

73.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

74.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant for unjust enrichment.

75.     As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the California Class to induce them to purchase the Products. Plaintiff and members of the California Class have reasonably relied on the misleading representations and have not received all of the benefits (i.e., Products solely or predominantly sweetened with monk fruit) promised by Defendant through the Products' Monk Fruit Representations. Plaintiff and members of the proposed California Class have therefore been induced by Defendant's misleading and deceptive representations about the Products, and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

76.     Plaintiff and members of the proposed California Class have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the proposed California Class.

77.     The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the proposed California Class—i.e., Plaintiff and members of the proposed California Class did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them.

78.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the proposed California Class are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

### SEVENTH CLAIM FOR RELIEF
**Common Law Fraud**
(*for the Classes*)

79.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

80.     Plaintiff brings this claim individually and on behalf of the members of the Classes for common law fraud.

-17-

81.     Defendant has willfully, falsely, and knowingly misrepresented the Products through the Products' Monk Fruit Representations, as it knew that the Products were not solely or predominantly sweetened with monk fruit.

82.     Defendant has therefore made knowing, fraudulent misrepresentations as to the Products.

83.     Defendant's misrepresentations were material (i.e., they affected Plaintiff and members of the Classes' purchasing decisions given their importance), and are central to the Products' functionality because the Products are advertised as monk fruit based sweeteners, but do not solely or predominantly contain monk fruit as the sweetener.

84.     Defendant knew or recklessly disregarded the fact that the Products' Monk Fruit Representations were false and deceptive.

85.     Defendant intended that Plaintiff and members of the Classes rely on the Products' advertising, as if they had known the truth that the Products' Monk Fruit Representations were false and misleading, they would have paid less for the Products or would not have purchased them at all.

86.     Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Products, and if Plaintiff and members of the Classes had known the truth about the Products, they would not have paid monies for the Products or would have paid less monies for the Products.

87.     For these reasons, Plaintiff and members of the Classes have suffered monetary losses, including interest they would have accrued on these monies, as a direct and proximate result of Defendant's fraudulent conduct.

CLASS ACTION COMPLAINT

1

**PRAYER FOR RELIEF**

2       **WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully

3   prays for following relief:

4       A.      Certification of this case as a class action on behalf of the proposed Classes defined

5   above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class

6   counsel;

7       B.      A declaration that Defendant's actions, as described herein, violate the claims

8   described herein;

9       C.      An award of injunctive and other equitable relief as is necessary to protect the

10  interests of Plaintiff and the proposed Classes, including, *inter alia*, an order prohibiting

11  Defendant from engaging in the unlawful act described above;

12      D.      An award to Plaintiff and the proposed Classes of restitution and/or other equitable

13  relief, including, without limitation, restitutionary disgorgement of all profits and unjust

14  enrichment that Defendant obtained from Plaintiff and the proposed Classes as a result of its

15  unlawful, unfair and fraudulent business practices described herein;

16      E.      An award of all economic, monetary, actual, consequential, and compensatory

17  damages caused by Defendant's conduct;

18      F.      An award of nominal, punitive, and statutory damages;

19      H.      An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

20      I.      An award to Plaintiff and the proposed Classes of pre and post-judgment interest,

21  to the extent allowable; and

22      J.      For such further relief that the Court may deem just and proper.

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

## <u>DEMAND FOR JURY TRIAL</u>

2

     Plaintiff, on behalf of herself and the proposed Classes, hereby demands a jury trial with

3

respect to all issues triable of right by jury.

4

5

DATED: September 13, 2022            **CUSTODIO & DUBEY, LLP**

6

7

           By:    /s/ Robert Abiri         _

8

           Robert Abiri (SBN 238681)

9

           *E-mail:* *abiri@cd-lawyers.com*
           445 S. Figueroa Street, Suite 2520

10

           Los Angeles, CA 90071
           Telephone: (213) 593-9095

11

           Facsimile: (213) 785-2899

12

           *Attorney for Plaintiff and the*
           *Putative Classes*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# EXHIBIT "A"

1

**<u>DECLARATION OF LAQUISHA SCOTT</u>**

2

I, Laquisha Scott, hereby declare:

3

1.      I am a Plaintiff in the action entitled *Scott v. Saraya USA, Inc*. I am a competent

4

adult over eighteen years of age and I have personal knowledge of the facts set forth herein. If

5

called as a witness, I could and would testify competently thereto.

6

2.      I currently reside in the City of San Jose located in the County of Santa Clara.

7

3.      In or around August 2022, I purchased the Lakanto No Sugar Added Keto Granola

8

Cinnamon Almond Crunch Product in San Jose, CA.

9

10

I declare under penalty of perjury under the laws of the United States of America and the

11

State of California that the foregoing is true and correct.

12

13

Executed on ___09/13/2022___ at San Jose, California.

14

15

16

_____

17

Laquisha Scott

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION**